CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
11/30/2018
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

No. 3:18-cv-00113

| | |
|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER<br><br>Plaintiff,<br><br>v.<br><br>COUNCIL ON ENVIRONMENTAL QUALITY,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. This Freedom of Information Act ("FOIA") suit challenges Defendant Council on Environmental Quality's ("CEQ" or the "agency") unlawful and unreasonable delay in responding to a request for information relating to the proposed rulemaking regarding the National Environmental Policy Act ("NEPA").

2. Plaintiff Southern Environmental Law Center ("SELC"), a nonprofit public interest organization dedicated to protecting the environment of the Southeast, requested information in CEQ's custody on July 19, 2018 and sent an updated request on September 5, 2018.

3. Although CEQ acknowledged receipt of the request on September 7, 2018, it has failed to provide requested information or a determination or otherwise respond to the request, and it has subsequently stopped communicating with SELC.

4. CEQ has violated FOIA by failing to "promptly" provide requested information and make a determination within 20 working days of receiving a request. 5 U.S.C.

§ 552(a)(3)(A), (a)(6)(A).  SELC seeks a declaration that CEQ has violated FOIA and an order requiring CEQ to provide all nonexempt, responsive documents without further delay.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552, 28 U.S.C. § 1331, and 28 U.S.C. § 2201.

6. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is "deemed to have exhausted [its] administrative remedies" because CEQ has "fail[ed] to comply with the applicable time limit provisions."

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B).  SELC is a 501(c)(3) nonprofit organization headquartered and residing in Charlottesville, Virginia, in the Western District of Virginia.

## PARTIES

### Plaintiffs

8. Plaintiff Southern Environmental Law Center is a 501(c)(3), nonprofit public interest environmental law firm with a focus on six southeastern states.

9. SELC is a "person" for purposes of FOIA, 5 U.S.C. § 551(2).

10. SELC uses public advocacy and the law to protect the people and the natural resources of the Southeast and, in particular, to gather, analyze, and disseminate public information about activities affecting human health and the environment in the Southeast.  SELC disseminates public information it gathers to the general public through its website, *southernenvironment.org*, which is updated regularly, as well as press releases, social media, and public comment letters.  SELC attorneys also regularly attend and speak at public meetings and hearings throughout the region, informed by and sharing their analysis of public information.

SELC has been actively engaged in protecting the environment of the Southeast at the federal, state, and local levels for three decades.

### Defendant

11.     The Council on Environmental Quality is an "agency" for purposes of FOIA. 5 U.S.C. § 551(1). CEQ has possession or control of the requested information.

### FACTS

### Background

12.     On, June 20, 2018, CEQ published an Advance Notice of Proposed Rulemaking ("ANPRM") in the federal register titled "Update to the Regulations for Implementing the Procedural Provisions of the National Environmental Policy Act." 83 Fed. Reg. 28591.

13.     The ANPRM consisted of twenty questions that contemplate changes to all aspects of CEQ's NEPA regulations.

14.     The ANPRM asked for public comment to help inform a Notice of Proposed Rulemaking to amend CEQ's NEPA regulations at a later date.

15.     SELC submitted comments on the ANPRM on behalf of 53 groups on August 20, 2018.

16.     12,539 other comments were submitted by groups across the country.

### SELC's FOIA Request

17.     On July 19th, 2018, SELC submitted to CEQ a FOIA request seeking "all records in the possession of the Council on Environmental Quality ('CEQ') that in any way relate to CEQ's Advance Notice of Proposed Rulemaking ('ANPRM') titled 'Update to the Regulations for Implementing the Procedural Provisions of the National Environmental Policy Act,'

published in the *Federal Register* on June 20, 2018. 83 Fed. Reg. 28591." A copy of this FOIA request is attached as Exhibit 1.

18.     On July 19th, 2018, Howard Sun, Attorney Advisor in CEQ's FOIA office, confirmed receipt of SELC's request and asked for a copy of the request on "organizational letterhead" in order to "verify your identity and evaluate this request." The request was assigned reference number FY2018-150.

19.     On September 5, 2018, SELC submitted to CEQ an updated version of the FOIA request on SELC letterhead as Mr. Sun had requested. The updated request was broadened somewhat to encompass "all records in the possession of the Council on Environmental Quality ("CEQ") that in any way relate to CEQ's proposed rulemaking to update CEQ's implementing regulations for the procedural provisions of the National Environmental Policy Act ("NEPA"), including but not limited to all records that relate to CEQ's Advance Notice of Proposed Rulemaking ("ANPRM") titled 'Update to the Regulations for Implementing the Procedural Provisions of the National Environmental Policy Act,' published in the *Federal Register* on June 20, 2018. 83 Fed. Reg. 28591." A copy of the updated FOIA request dated September 5, 2018 is attached as Exhibit 2.

20.     SELC requested the records to promote transparency around a matter of significant public interest.

21.     SELC requested waiver of any fees on the basis that disclosure of the information would be in the public interest.

22.     On September 7, 2017, CEQ confirmed receipt of SELC's updated FOIA request.

23.     On November 14th, 2018, SELC emailed Howard Sun in CEQ's FOIA office to inquire about the request's status. Mr. Sun has not replied to this request.

24. To date, CEQ has not provided any documents responsive to SELC's request.

25. More than 20 working days have passed since SELC submitted this request.

## LEGAL BACKGROUND

26. The Freedom of Information Act, 5 U.S.C. § 552, reflects "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Dep't of Air Force v. Rose*, 425 U.S. 352, 360–61 (1976) (quoting legislative history) (internal quotation marks omitted). FOIA "shines a light on government operations 'to check against corruption and to hold the governors accountable to the governed.'" *Coleman v. Drug Enforcement Admin.*, 714 F.3d 816, 818–19 (4th Cir. 2013) (quoting *Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978)).

27. "[T]he time provisions of the Act are central to its purpose." *Hayden v. U.S. Dep't of Justice*, 413 F. Supp. 1285, 1288 (D.D.C. 1976). FOIA requires federal agencies to "promptly" make records available upon request. 5 U.S.C. § 552(a)(3)(A). Agencies must "determine . . . whether to comply" with a request within 20 working days of receiving the request, and they must "immediately notify" the requester of that determination. *Id.* § 552(a)(6)(A).

28. To make a "determination" under FOIA, "the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

29. Agencies may extend their deadline for responding by up to 10 working days if unusual circumstances apply and they provide timely notice to the requester. *Id.* § 552(a)(6)(B).

30. Under FOIA, if the agency seeks to extend a deadline further than 10 working days, it must work with the requester to modify the request so it can be fulfilled within the 10 working day extension or arrange an alternative time period.  5 U.S.C. § 552(a)(6)(B)(ii).

## CLAIMS FOR RELIEF

31. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as if fully stated herein.

32. Defendant CEQ has violated FOIA by failing to provide SELC with all non-exempt responsive records for its FOIA request.

33. By failing to provide SELC with all non-exempt responsive records to its FOIA request, Defendant CEQ has denied SELC's right to this information as provided by law under FOIA.

34. Unless enjoined by this Court, Defendant CEQ will continue to violate SELC's legal right to be provided with copies of the records that it has requested in its FOIA request.

35. SELC is directly and adversely affected and aggrieved by Defendant CEQ's failure to provide responsive records to its FOIA request as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(i) Declare that CEQ has violated and is continuing to violate FOIA by failing to timely respond to SELC's request;

(ii) Declare that CEQ has violated and is continuing to violate FOIA by improperly withholding documents that are responsive to SELC's request;

(iii) Direct CEQ to provide all nonexempt, responsive documents to SELC without further delay;

(iv) Retain jurisdiction over this matter to rule on any assertions by CEQ that any responsive documents cannot be found or are exempt from disclosure;

(v) Order CEQ to produce an index identifying any documents or parts thereof that it withholds and the basis for the withholdings pursuant to 5 U.S.C. §§ 552(a)(8) and 552(b), in the event that CEQ determines that certain responsive records are exempt from disclosure;

(vi) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E);

(vii) Grant any other relief the Court deems just and proper.

Respectfully submitted, this 30th day of November, 2018.

/s/ Morgan Butler
Morgan Butler– VA Bar No. 70409

/s/ Kimberley Hunter
Kimberley Hunter – NC Bar No. 41333 (*pro hac vice* pending)

SOUTHERN ENVIRONMENTAL LAW CENTER
201 West Main Street, Suite 14
Charlottesville, VA 22902-5065
Telephone: (434) 977-4090
Facsimile: (434) 977-1483
mbutler@selcva.org

601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516-2356
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
khunter@selcnc.org

*Attorneys for Plaintiff Southern Environmental Law Center*