CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 16 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

SOUTHERN ENVIRONMENTAL LAW )
CENTER, )
 )
    Plaintiff, ) Civil Action No. 3:18CV00113
 )
v. ) **MEMORANDUM OPINION**
 )
COUNCIL ON ENVIRONMENTAL ) By: Hon. Glen E. Conrad
QUALITY, ) Senior United States District Judge
 )
    Defendant. )

Southern Environmental Law Center ("SELC") filed this action against the Council on Environmental Quality ("CEQ"), seeking to compel the disclosure of records requested under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The case is presently before the court on the plaintiff's motion for judgment on the pleadings. For the reasons set forth below, the court will deny the plaintiff's motion.

## Background

On June 20, 2018, CEQ published an Advanced Notice of Proposed Rulemaking in the federal register titled "Update to the Regulations for Implementing the Procedural Provisions of the National Environmental Policy Act" (the "ANPRM"). 83 Fed. Reg. 28591 (June 20, 2018). On July 19, 2018, SELC sent CEQ a FOIA request via email seeking "all records in the possession of [CEQ] that in any way relate to [the ANPRM]." Compl. Ex. 1, Dkt. No. 1-2. That same day, Howard Sun, CEQ's FOIA Public Liaison, confirmed receipt of the FOIA request and asked that it be resubmitted on organizational letterhead. The request was assigned reference number FY2018-150.

On September 5, 2018, SELC submitted an updated version of the FOIA request on SELC letterhead. The updated submission broadened the scope of the FOIA request to include "all records in the possession of [CEQ] that in any way relate to CEQ's proposed rulemaking to update CEQ's implementing regulations for the procedural provisions of the National Environmental Policy Act ('NEPA'), including but not limited to all records that any way relate to [the ANPRM]." Compl. Ex. 2, Dkt. No. 1-3. On September 7, 2018, CEQ confirmed receipt of the updated FOIA request.

As of November 30, 2018, CEQ had not produced any documents or issued a determination as to whether it intended to comply with the FOIA request. Consequently, SELC filed the instant action seeking to compel CEQ to "provide all nonexempt, responsive documents." Compl. 7, Dkt. No. 1.

On February 1, 2019, CEQ filed an answer to the complaint. In its answer, CEQ admitted that it had not provided any documents to SELC in response to the FOIA request. See Answer ¶ 24, Dkt. No. 9. CEQ asserted, as an affirmative defense, that "[s]ome or all of the requested records may be exempt, in full or in part, from release under FOIA." Id. at 4.

SELC has since moved for judgment on the pleadings. The motion has been fully briefed and is ripe for review.

### Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure permits any party to move for judgment on the pleadings after the pleadings are closed. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). In determining whether a party is entitled to judgment on the pleadings, the court must accept as true all material

facts alleged in the non-moving party's pleading, and view those facts in the light most favorable to the non-moving party. Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014). "Under this standard, a judgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial." Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n, AFL-CIO v. Liberty Mar. Corp., 933 F.3d 751, 761 (D.C. Cir. 2019) (citation and internal quotation marks omitted).

## Discussion

FOIA was enacted in 1966 "'to establish a general philosophy of full agency disclosure, S. Rep. No. 89-813, at 3 (1965), and 'to assure the availability of Government information necessary to an informed electorate,' H.R. Rep. No. 89-1497, at 12 (1966)." Coleman v. Drug Enf't Admin., 714 F.3d 816, 818 (4th Cir. 2013). The statute provides, subject to certain enumerated exemptions, that each federal agency upon a proper request for records "shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A); see also id. § 552(b) (listing nine categories of documents to which FOIA does not apply).

Upon receipt of a FOIA request, an agency has twenty working days to "determine . . . whether to comply with such request," and it must "immediately notify the person making such request of . . . such determination and the reasons therefor." Id. § 552(a)(6)(A)(i). The twenty-day period may be extended in certain "unusual circumstances." Id. § 552(a)(6)(B)(i). If an agency seeks to invoke such extension, it must send "written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." Id. "No extension for 'unusual circumstances' is permissible without written notice to the requester." Coleman, 714 F.3d at 819. If the agency

does not issue its "determination" within the required time period, "the requester may bring suit directly in federal district court without exhausting administrative appeal remedies." Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n, 711 F.3d 180, 182 (D.C. Cir. 2013); see also Coleman, 714 F.3d at 823 ("After each agency exceeded its statutory deadline, Coleman was free to seek judicial relief.").

FOIA confers jurisdiction on federal district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). "Under this provision, 'federal jurisdiction is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) (quoting Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." Id.

The statute places the burden "on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). Consequently, the agency "bears the burden of proving that it has not 'improperly' withheld the requested records." Citizens for Responsibility, 922 F.3d at 487 (citing Tax Analysts, 492 U.S. at 142 n.3). More specifically, "[a] defendant agency has the burden of establishing the adequacy of its search and that any identifiable document has either been produced or is subject to withholding under an exemption." Heily v. United States Dep't of Commerce, 69 F. App'x 171, 173 (4th Cir. 2003) (citing Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994)). "This burden may be met through affidavits explaining the manner in which a search was conducted." Id.; see also Carney, 19 F.3d at 812 ("Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving

reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden."). As a general rule, FOIA cases are resolved on summary judgment. See Turner v. United States, 736 F.3d 274, 282 (4th Cir. 2013) ("[D]istrict courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery.") (citation and internal quotation marks omitted).

In this case, SELC has moved for judgment on the pleadings and requested that the court order CEQ to produce all documents responsive to its FOIA request. In support of the motion, SELC contends that it is undisputed that CEQ did not make and communicate its "determination" whether to comply with the FOIA request within the time required by 5 U.S.C. § 552(a)(6)(A)(i). Second, SELC emphasizes that CEQ has failed to produce any responsive documents. While the court understands the plaintiff's frustration over the delay in receiving a response to its FOIA request, the court is unable to conclude that the plaintiff is entitled to judgment as a matter of law at this stage of the proceedings.

First, an agency's failure to comply with the default 20-day deadline for making a "determination" of whether to comply with a FOA request does not entitle the requesting party to the actual production of the records at issue. Instead, it allows the requesting party to "proceed directly to court" without having to exhaust administrative remedies. Coleman, 714 F.3d at 823; see also 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."). Thus, "[i]f the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." Citizens for Responsibility, 711 F.3d at 189. However,

5

"the agency suffers no prejudice on the <u>merits</u> of its defense" to the case. <u>Greenpeace, Inc. v. Dep't of Homeland Sec.</u>, 311 F. Supp. 3d 110, 125 (D.D.C. 2018). As other courts have recognized, "[t]his scheme provides an incentive for agencies to move quickly but recognizes that agencies may not always be able to adhere to timelines that trigger the exhaustion requirement." <u>Citizens for Responsibility</u>, 711 F.3d at 189; <u>see also</u> <u>Coleman</u>, 714 F.3d at 824 (explaining that "Congress expressed a clear intent to ensure that FOIA requests receive prompt attention" by "establishing constructive exhaustion as a means to enforce [the time limit for agencies to respond to initial requests]").

Second, the court is unable to conclude from the pleadings that agency records have been "improperly withheld" by CEQ. 5 U.S.C. § 552(a)(4)(B). In its answer, CEQ asserted that some or all of the requested records may be fully exempt from release under FOIA. <u>See</u> <u>Tax Analysts</u>, 492 U.S. at 150–51 ("An agency must disclose records to any person under § 552(a), unless they may be withheld pursuant to one of the nine enumerated exemptions listed in § 552(b).") (citation and quotation marks omitted). Additionally, the adequacy of CEQ's search is "dependent upon the circumstances of the case," <u>Truitt v. Dep't of State</u>, 897 F.2d 540, 542 (D.C. Cir. 1990) (citations and internal quotation marks omitted), as is whether the agency has made responsive non-exempt records "promptly available," <u>Citizens for Responsibility</u>, 711 F.3d at 189 (citing 5 U.S.C. § 552(a)(3)(A)). Because all of these issues require the consideration of evidence outside the pleadings, SELC is not entitled to judgment under Rule 12(c).

## Conclusion

For the reasons stated, the plaintiff's motion for judgment on the pleadings will be denied. The parties will be directed to file a joint report summarizing the current status of the plaintiff's

FOIA request and the parties' respective positions on an appropriate schedule for filing and briefing cross-motions for summary judgment.

DATED: This 16th day of September, 2019.

_____
Senior United States District Judge